IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALEX DEAN HAMILTON,<br><br>Plaintiff,<br><br>vs.<br><br>DETECTIVE JESSE SLAUGHTER, GREAT FALLS TRIBUNE, CASCADE COUNTY DETENTION CENTER,<br><br>Defendants. | CV 17-00092-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Alex Hamilton, a prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and proposed complaint (Doc. 2) alleging Defendants violated his HIPPA rights by publishing his HIV status in the local newspaper. The motion to proceed in forma pauperis will be granted but the Complaint fails to state a federal claim and should be dismissed.

I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Hamilton's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 3.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Because he is incarcerated, Mr. Hamilton must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Hamilton will be required to pay the fee in

1

installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Hamilton must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Bruce v. Samuels*, 136 S.Ct 627, 629 (2016). By separate order, the Court will direct the facility where Mr. Hamilton is held to forward payments from Mr. Hamilton's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Because Mr. Hamilton is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief

may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Mr. Hamilton contends Defendants violated his "Hippa constitutional right by releasing my medical information in the newspaper without given permission." (Complaint, Doc. 2 at 6.) Specifically, he alleges he was arrested on July 18, 2017 for two separate counts of sexual abuse of children as part of a "sting operation." As part of this operation, text messages were exchanged and he was asked if he had

any diseases to which he replied that he was HIV positive. He alleges Detective Slaughter released this information and it was published in the Great Falls Tribune. (Complaint, Doc. 2 at 6.)

Presumably, Mr. Hamilton is referring to the Health Insurance Portability and Accountability Act ("HIPPA"). HIPPA, however, does not provide a private right of action to persons who believe their HIPPA rights have been violated. *Webb v. Smart Documents Sols, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). As such, Mr. Hamilton has failed to state a federal claim for relief and this matter should be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on September 6, 2017.

Further the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter

judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Hamilton failed to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hamilton may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Hamilton is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 11th day of September, 2017.

                                           */s/ John Johston*
                                           John Johnston
                                           United States Magistrate Judge